UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER LOWRY,<br><br>                 Petitioner,<br>    v.<br>RENE BAKER, *et al.*,<br><br>                 Respondents. | Case No. 3:18-cv-00224-MMD-VPC<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on Petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1), motion for appointment of counsel (ECF No. 1-2), and for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts.

Following review of the pauper application, the Court finds that Petitioner cannot pay the filing fee. The application for leave to proceed *in forma pauperis* will therefore be granted.

Turning to Petitioner's motion for appointment of counsel, the motion will be denied. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the

petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The Petition in this case appears sufficiently clear in presenting the issues that Petitioner wishes to raise, and the legal issues are not particularly complex. Therefore, counsel is not justified.

Following review of the Petition, the Court will dismiss with prejudice Petitioner's claim that his Eleventh Amendment rights have been violated and will direct a response on Petitioner's remaining claims.

The Eleventh Amendment protects the states' sovereign immunity. It is not a right afforded to the Petitioner that he can assert in a habeas petition. Accordingly, Petitioner's claim under the Eleventh Amendment will be dismissed with prejudice.

It is therefore ordered that the application for leave to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner will not be required to pay the filing fee.

It is further ordered that the Clerk of Court file the Petition (ECF No. 1-1). The Clerk also is instructed to file the motion for appointment of counsel (ECF No. 1-2) and reflect that it has been denied by this Order.

It is further ordered that Petitioner's claim under the Eleventh Amendment is dismissed with prejudice.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 1-2) is denied.

It is further ordered that the Clerk informally electronically serve the Nevada Attorney General with a copy of the Petition and this Order.

It is further ordered that Respondents will have sixty (60) days from entry of this Order within which to respond to the remaining claims of the Petition—namely that Petitioner's Fifth and Fourteenth Amendment rights have been violated. Any response filed must comply with the remaining provisions below.

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents

must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file a set of state court exhibits relevant to the response filed to the Petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally send a hard copy of all exhibits filed to, for this case, the Reno Clerk's Office.

///
///
///
///
///
///

It is further ordered that Petitioner will have thirty (30) days from service of the answer, motion to dismiss, or other response to mail a reply or response to the Clerk of Court for filing.

DATED THIS 23rd day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE