UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHRISTOPHER LOWRY,

                       Petitioner,

v.

RENE BAKER, *et al.*,

                       Respondents.

Case No. 3:18-cv-00224-MMD-CBC

ORDER

This *pro se* habeas petition under 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss (ECF No. 14). Petitioner opposed (ECF No. 21), and Respondents replied (ECF No. 24). Petitioner additionally has filed a motion for appointment of counsel (ECF No. 22).

In his Petition, Petitioner asserts that the Nevada Department of Corrections ("NDOC") has improperly, and in violation of his Fifth Amendment and Fourteenth Amendment Equal Protection rights, failed to apply good-time credits to his minimum term, *i.e.*, in order to determine his parole eligibility date. Respondents move to dismiss on the grounds that the Petition is untimely and that it fails to state any cognizable federal habeas claim. Because Respondents are correct that the Petition does not state any federal habeas claim, the Court lacks jurisdiction to consider it, and the Petition must be dismissed.

A claim is cognizable under 28 U.S.C. § 2254 only if it falls within the "core" of habeas. If a claim would not necessarily lead to the petitioner's speedier release, it does not fall within the core of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016). "[A] § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Id.* at 927.

In *Nettles*, the petitioner sought expungement of a disciplinary infraction on the grounds that it was impacting his eligibility for parole. The Ninth Circuit held that because disciplinary infractions are just one of many factors the parole board considers in deciding whether to grant parole, expungement of the infraction would not necessarily lead to the petitioner's speedier release and thus was not a claim in the "core" of habeas. *Id.* at 925.

In light of the pleadings and the record, it is clear that Petitioner's only claim in this action involves NDOC's failure to apply time credits to his minimum term for purposes of parole eligibility and does not assert any other type of claim. Under *Nettles*, this claim does not fall in the "core" of habeas because success would not necessarily lead to Petitioner's immediate or speedier release—it would lead only to an earlier parole hearing, at which Petitioner might or might not be granted parole. Petitioner's claim must therefore be brought, "if at all," under 42 U.S.C. § 1983. *See Rouser v. Sullivan*, 2019 WL 1934483, at *2 (E.D. Cal. May 1, 2019); *Stanhope v. Ryan*, 2017 WL 1163303, at *8 (D. Ariz. Mar. 29, 2017); *Gordon v. Premo*, 757 F. App'x 627, 628 (9th Cir. 2019) (unpublished disposition).

While the Court may in some cases convert a habeas petition to a § 1983 complaint, it may do so only if the petition is convertible on its face, meaning it names the correct defendants, asserts the correct claims, and seeks the appropriate relief. Because it is not clear that the Petition has named the correct Defendant, the Court will not exercise its discretion to convert the Petition.

It is therefore ordered that Respondents' motion to dismiss (ECF No. 14) is granted, and the Petition in this action is dismissed for lack of subject matter jurisdiction.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 22) is denied as moot.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the Petition for lack of jurisdiction to be debatable or wrong.

The Clerk of Court will enter final judgment accordingly and close this case.

The Clerk of Court is instructed to send Petitioner copies of the instructions and forms for a 42 U.S.C. § 1983 prisoner civil rights complaint and the inmate pauper application.

DATED THIS 17th day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE